BRIAN R. CHAVEZ-OCHOA
CALIFORNIA STATE BAR #190289
CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

THOMAS M. HARVEY
BBO#: 225050
1 CONSTITUTION CENTER
FIRST FLOOR
BOSTON, MASSACHUSETTS 02129
(617) 886-0364

04  11649 NMG

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REV. PATRICK J. MAHONEY, CHRISTIAN DEFENSE COALITION, OPERATION RESCUE BOSTON and OPERATION RESCUE WEST, BRANDI SWINDELL, GENERATION LIFE, and SURVIVORS OF THE ABORTION HOLOCAUST, Plaintiffs, vs. TOM RIDGE, Secretary of the Department of Homeland Security, in His Official Capacity, W. RALPH BASHAM, Director of the United States Secret Service, in His Official Capacity, JOHN DOE AGENT, Field Agent in Charge of the Boston Office for the United States Secret Service, in His Official Capacity, JOHN DOE AGENTS 1 to 20, in Their Official Capacity as Special Agents for the United States Secret Service. Defendants. | Case No.: COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES [First and Fourteenth Amendments to the United States Constitution, 42 USC Section 1983] DEMAND FOR JURY TRIAL |

**COMPLAINT**

**ISSUES BEFORE THE COURT**

COMPLAINT - 1

1    1.    IS IT CONSTITUTIONAL TO LEAVE OPEN GENERALLY A SIDEWALK

2    TO OTHER USES WHILE CLOSING THAT SAME SIDEWALK TO FIRST AMENDEMENT

3    ACTIVITY?

4    2.    CAN NATIONAL SECURITY CONCERNS SUMMARILY SUSPEND FIRST

5    AMENDMENT RIGHTS?

6                          **NATURE OF THE CASE**

7    1.    This is a civil action pursuant to 42 U.S.C. Section 1983 to vindicate the

8    plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

9    The plaintiffs, an ordained Presbyterian Minister, Christian Defense Coalition, an unincorporated

10   religious association, and Operation Rescue Boston, Operation Rescue West, an unincorporated

11   Pro-Life Association, Brandi Swindell, a Bible believing Christian activist, Generation Life, an

12   incorporated Pro-Life Association, and Survivors of the Abortion Holocaust, an unincorporated

13   Pro-Life Association, seek injunctive and declaratory relief, as well as damages, wherein the

14   defendants, their agents, servants, employees, and attorneys, and those acting in active concert

15   with them be denied the authority to leave the sidewalks open generally to other uses while

16   closing the sidewalks to First Amendment Activities for the week of July 26 through August 1,

17   2004 during the Democratic National Convention.

18        Plaintiff's Mahoney and Operation Rescue Boston had been granted permits to exercise

19   their First Amendment activities on Louisburg Square and Pinckney Street, the two streets that

20   adjoin Senator John Kerry's home located in Boston, Massachusetts.  Senator John Kerry, a

21   senator from Massachusetts, is the presumptive Democratic candidate for President in 2004.

22   Plaintiff's Mahoney and Operation Rescue Boston's permit was summarily cancelled on or about

23   July 23, 2004 by the City of Boston allegedly for reasons of national security.  The defendants

24   have ordered the closure of Louisburg Square and Pinckney Street and are forbidding First

25   Amendment activities in this noted area.  The defendants have no firm plan to exclude other

26   activities in the closed area such as access to the media, the casual pedestrian, the dog-walker,

27   residents in the closure area, and other vehicular traffic.  These noted areas are not being closed

28

COMPLAINT - 2                              CHAVEZ-OCHOA LAW OFFICES
                                              4 JEAN STREET, SUITE 4
                                           VALLEY SPRINGS, CALIFORNIA 95252
                                                   (209) 772-3013
                                                 FAX (209) 772-3090

pursuant to exigent or emergency circumstances nor for reason of an emerging crisis, but only for reasons promulgated under the umbrella of "national security".

The question the Court must consider is whether the defendants intend to hold hostage or prisoner the residents that live in the closed off area and whether or not the defendants intend to forbid these noted residents from leaving their homes, putting out the trash, going for a casual walk, walking their dogs, and/or any other number of reasons that may bring these residents out of their homes during the time Louisburg Square and Pinckney Street are closed to First Amendment activity. The plaintiffs' contend that to allow residents that live within the closed area to use the sidewalks while at the same time precluding the plaintiffs' from exercising their First Amendment rights on these same sidewalks is unconstitutional.

The plaintiffs', pursuant to their previously granted permit from the City of Boston wherein the plaintiffs were granted access to Louisburg Square and Pinckney Street, offered to send but just one or two women into this noted area, and further consented unnecessarily but voluntarily to a body search, and a search of their possessions, of the one or two persons that would participate in the First Amendment activity. The intended First Amendment activity of the plaintiffs' encompassed the laying of a bouquet of roses at the corner of the home (at the corner of Louisburg Square and Pinckney Street) of the presumptive Democratic Presidential candidate John Kerry (symbolic of the aborted children whose lives have been shamefully taken through and by means of abortion) then offering a prayer for these children (the intended message to Senator John Kerry that this nation needs to protect the unborn) and thereafter leaving the area. The defendants declined the offer of the plaintiffs. The offer of the plaintiffs' to voluntarily consent and subject themselves to a search of their person and their possessions is all the security that the defendants need to assure the safety of Senator Kerry especially in light of the fact that Senator Kerry will not be at home during the plaintiffs' planned First Amendment activity in front of the Senator's home.

Regardless of whether or not the plaintiffs have a permit to exercise First Amendment activity on a public sidewalk and during the week of the Democratic National Convention, the

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

permitting scheme relevant to First Amendment activity utilized by the City of Boston reads in pertinent part:

From July 10, 2004 through August 1, 2004 the permitting scheme shall be modified as follows:

"(a) Individuals and groups not exceeding twenty (20) people shall not be required to obtain any permits to exercise free speech and/or conduct lawful First Amendment activity. Said demonstrations shall be stationary in nature and shall not include the need for amplification, structures, and/or other equipment. Any individual or group acting under this provision shall abide by all regulations, ordinances, statutes and any and all other laws, including lawful orders of law enforcement officials. Any individual and/or groups in this category shall ensure safe passage (ingress-egress) for all pedestrian traffic on any and all sidewalks and other areas that they may be utilizing. Furthermore, any individual or group of twenty or fewer people without a permit under this provision shall remain clear of and off all roadways, streets, avenues and any and all other arterials utilized by vehicular traffic. If an individual or group wishes to use any roadway, street, avenue or any and all other arterials utilized by vehicular traffic that individual and/or group shall comply with steps one through three noted herein."

The plaintiffs challenge whether or not it is lawful to leave a sidewalk open generally to other uses while closing sidewalks down to First Amendment activities. By manner of the defendants conduct and action complained of herein, the First Amendment rights of the plaintiffs' have been and will continue to be violated and abridged thereby causing irreparable harm and injury to these plaintiffs' and other similarly situated. Finally, plaintiffs contend that whether or not they have a permit or no permit, sidewalks are considered traditional public fora, and as such, the plaintiffs have constitutional rights that allow them to be on Louisburg Square and Pinckney Street for purposes of First Amendment activities.

The plaintiffs further hereby challenge National Security versus First Amendment rights, even in light of September 11, 2001 and the terrorist attacks that took place that day. Plaintiffs' contend that National Security cannot suspend First Amendment rights; there must be a

COMPLAINT - 4

balancing between these two issues. If National Security is allowed to suspend First Amendment rights, the future of demonstrations in this nation relevant to all issues, regardless of whether conservative of liberal, shall fall victim to the very goal the terrorists attempted to accomplish on that fateful day on September 11, 2001.

First Amendment rights are precious and God given; our founding fathers foresaw the future and put into place protections and safeguards that allowed for and perpetuated robust and solicitous debates concerning the issues facing this country. The defendants cannot be allowed to summarily suspend these plaintiffs' constitutional rights without articulating the nature of the threat and being made to prove that the threat is a real one. It is much too easy to state that one cannot exercise his or her First Amendment rights because of National Security concerns; however, the real question must be at what cost and at what loss of constitutional rights? These plaintiffs' choose not to live their lives in fear; but rather instead hold steadfast to the belief that absent their First Amendment rights and the ability to speak out on issues regardless of what that issue might be, their freedoms that have been foretold and secured through the sacrifice of American blood and American lives will have been for naught.

2.     An actual controversy exists between these two parties involving substantial constitutional issues. Defendants are responsible for the control and adherence to orders to close down Louisburg Square and Pinckney Street. The defendants' closure of this area, traditionally considered as public fora, subjects these plaintiffs' to indiscriminate and arbitrary decisions by public officials, and in the process, violates the First and Fourteenth Amendment rights of the plaintiffs.

## JURISDICTION AND VENUE

3.     This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343.

4.     Because these plaintiffs submitted applications for permits to conduct First Amendment activity on Louisburg Square and Pinckney Street during the week of the Democratic National Convention and subsequently obtained said permits from the City of

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

1  Boston, and based upon the defendants closing Louisburg Square and Pinckney Street to the

2  plaintiffs and furthermore, pursuant to the bulk of the defendants residing within this Court's

3  district, and finally, because the subject matter is located within the City of Boston, venue is

4  proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C.

5  Section 1391.

6  ## PARTIES

7  5.    Plaintiff Reverend Patrick J. Mahoney is a resident of the State of Virginia, and an

8  individual that chooses to exercise his First Amendment rights throughout this nation. Plaintiff

9  Mahoney is an ordained Presbyterian Minister and holds firm the belief that Jesus Christ is Lord

10 and Savior. Plaintiff Mahoney firmly believes that he has been commissioned by the Lord Jesus

11 Christ to spread the good news of the gospel, and to speak out against the abortion industry.

12 Plaintiff Mahoney submitted an application(s) to receive several permits (and received those

13 permits and specifically a permit for Louisburg Square and Pinckney Street) allowing him to

14 exercise his First Amendment rights during the week of July 24 through August 1, 2004 in

15 Boston at the Democratic National Convention.

16 6.    Plaintiff Christian Defense Coalition is an unincorporated religious association

17 domiciled primarily in Washington, DC. This plaintiff holds firm the same beliefs of plaintiff

18 Mahoney, as to the members of the Christian Defense Coalition, that Jesus Christ is Lord and

19 that they are under a commission to tell the good news of Jesus Christ. This commission

20 includes speaking out at national events in the exercise of their First Amendment and

21 constitutional rights. Plaintiff Christian Defense Coalition intends to sponsor several rallies in

22 Boston during the week of July 24 through August 1, 2004 at the Democratic National

23 Convention. Therefore, this plaintiff falls subject to the "closure" of the defendants in

24 attempting to engage in their constitutional activities at Louisburg Square and Pinckney Street.

25 7.    Plaintiff Operation Rescue Boston is an unincorporated Pro-Life association that

26 holds firm the belief that human life is sacred and that abortion is the killing of children.

27 Operation Rescue Boston intends to exercise their First Amendment rights during the week of

28 July 24 through August 1, 2004 and most specifically at Louisburg Square and Pinckney Street

COMPLAINT - 6

1  during the Democratic National Convention. Operation Rescue Boston is domiciled in Braintree,

2  Massachusetts.

3    8.    Plaintiff Operation Rescue West is an unincorporated Pro-Life association that

4  holds firm the belief that human life is sacred and that abortion is the killing of children.

5  Operation Rescue West intends to exercise their First Amendment rights during the week of July

6  24 through August 1, 2004 and most specifically at Louisburg Square and Pinckney Street during

7  the Democratic National Convention. Operation Rescue West is domiciled in Wichita, Kansas.

8    9.    Plaintiff Brandi Swindell is a Christian activist and holds firm the belief that

9  human life is sacred and that abortion is the killing of children. Brandi Swindell intends to

10  exercise her First Amendment rights during the week of July 24 through August 1, 2004 and

11  most specifically at Louisburg Square and Pinckney Street during the Democratic National

12  Convention.

13    10.    Plaintiff Generation Life is an incorporated Pro-Life association that holds firm

14  the belief that human life is sacred and that abortion is the killing of children. Generation Life

15  intends to exercise their First Amendment rights during the week of July 24 through August 1,

16  2004 and most specifically at Louisburg Square and Pinckney Street during the Democratic

17  National Convention. Generation Life is domiciled in Boise, Idaho.

18    11.    Plaintiff Survivors of the Abortion Holocaust is an unincorporated Pro-Life

19  association that holds firm the belief that human life is sacred and that abortion is the killing of

20  children. Survivors of the Abortion Holocaust intend to exercise their First Amendment rights

21  during the week of July 24 through August 1, 2004 and most specifically at Louisburg Square

22  and Pinckney Street during the Democratic National Convention. Survivors of the Abortion

23  Holocaust are domiciled in California.

24    12.    Defendant Tom Ridge is the Secretary of the Department of Homeland Security;

25  the first Secretary of this Department appointed January 24, 2003, and is sued in his official

26  capacity only. The United States Secret Service is a bureau of the Department of Homeland

27  Security. Defendant Tom Ridge has control and authority over the defendants in this action and

28  has control over the decision to close Louisburg Square and Pinckney Street.

COMPLAINT - 7

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

13.    Defendant W. Ralph Basham is the 21st Director of the United States Secret Service first sworn in on January 27, 2003, and is sued in his official capacity only.  Defendant W. Ralph Basham has control and authority over the defendants in this action and has control over the decision to close Louisburg Square and Pinckney Street.

14.    Defendant John Doe Agent, whose true name is unknown to the plaintiffs' at this time, however, the plaintiffs' will file leave to amend when the true and correct name is ascertained, is the field agent in charge of the Boston Office of the United States Secret Service and is sued in his or her official capacity only.  Defendant John Doe Agent has control and authority over the defendants in this action and has control over the decision to close Louisburg Square and Pinckney Street.

15.    Defendant John Doe Agents 1 to 20, whose true names are unknown to the plaintiffs' at this time, are the field agents in charge of enforcing the order for closure of Louisburg Square and Pinckney Street and are sued in their official capacity only.  Defendants' John Doe Agents 1 to 20 have control and authority to enforce the closure of Louisburg Square and Pinckney Street.  The true names and capacities of John Doe Agents, whether individual or otherwise, are unknown to the plaintiffs at this time, who therefore sue these defendants by such fictitious names.  When the true names and capacities of these defendants are ascertained, plaintiffs will amend this complaint to insert same.  At all times mentioned in this complaint, each of these defendants, including the fictitiously named defendants, was the agent and/or employee of each of the remaining defendants and, in doing the alleged acts herein, was acting in the scope of such agency and/or employment.

16.    While the City of Boston and/or the Boston Police Department are not named as parties to this action, the purpose of not naming them herein is predicated on the belief that the closure complained of herein is directly related to and under the control, direction, and authority of the defendants.  It is further believed that the City of Boston cancelled the permit noted above pursuant to the orders of the defendants, and but for those orders, the plaintiffs would be able to exercise their First Amendment rights pursuant to the previously issued permit(s).

## STATEMENT OF FACTS

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

17.    The defendants have made the indiscriminate decision and issued orders to close down Louisburg Square and Pinckney Street thereby depriving the plaintiffs' of their First Amendment rights to conduct constitutional activities in this area while leaving the area otherwise open to general use during the week of July 26 through August 1, 2004, the same week the Democratic National Convention is being held in the City of Boston.

18.    Plaintiff's Mahoney and Operation Rescue Boston had been granted permits to exercise their First Amendment rights on Louisburg Square and Pinckney Street, the two streets that adjoin Senator John Kerry's home located in Boston, Massachusetts. Senator John Kerry, a senator from Massachusetts, is the presumptive Democratic candidate for President in 2004.

19.    Plaintiff's Mahoney and Operation Rescue Boston's permit was summarily cancelled on or about July 23, 2004 by the City of Boston allegedly for reasons of national security and at the direction and orders of the defendants named herein.

20.    The defendants have indiscriminately ordered the closure of Louisburg Square and Pinckney Street and are forbidding First Amendment activities in this noted area. The defendants have no firm plan, however, to exclude other activities in the closed area such as access to the media, the casual pedestrian, the dog-walker, residents in the closure area, and other vehicular traffic. The question the Court must consider is whether the defendants intend to hold hostage or prisoner the residents that live in the closed off area and whether or not the defendants intend to forbid these noted residents from leaving their homes, putting out the trash, going for a casual walk, talking with neighbors about the ongoing political process, talking to their neighbors about Senator John Kerry, walking their dogs, and/or any other number of reasons that may bring these residents out of their homes during the time Louisburg Square and Pinckney Street are closed to First Amendment activity. The plaintiffs' contend that to allow residents that live within the closed area to use the sidewalks while at the same time precluding the plaintiffs' from exercising their First Amendment rights on these same sidewalks is unconstitutional.

21.    By allowing the residents that live within the perimeter of Louisburg Square and Pinckney Street (that area that is closed to the plaintiffs) to engage in speech as articulated above, and by precluding the plaintiffs' from doing so in the same area, the defendants have

COMPLAINT - 9

1 effectively engendered viewpoint and content based discrimination against these plaintiffs and

2 others so similarly situated.

3      22.    Additionally, whether or not it is the defendants' intent to close Louisburg Square

4 and Pinckney Street to all traffic, pedestrian and/or otherwise, the defendants cannot justify the

5 closure under the blanket of national security for reasons articulated herein below.

6      23.    Plaintiffs hereby challenge National Security versus First Amendment rights, even

7 in light of September 11, 2001 and the terrorist attacks that took place that day. Plaintiffs'

8 contend that National Security cannot suspend First Amendment rights; there must be a

9 balancing between these two issues. If National Security is allowed to suspend First Amendment

10 rights, the future of demonstrations in this nation relevant to all issues, regardless of whether

11 conservative of liberal, shall fall victim to the very goal the terrorists attempted to accomplish on

12 that fateful day on September 11, 2001. First Amendment rights are precious and God given; our

13 founding fathers foresaw the future and put into place protections and safeguards that allowed for

14 and perpetuated robust and solicitous debates concerning the issues facing this country. The

15 defendants cannot be allowed to summarily suspend these plaintiffs' constitutional rights without

16 articulating the nature of the threat and being made to prove that the threat is a real one. It is

17 much too easy to state that one cannot exercise his or her First Amendment rights because of

18 National Security concerns; however, the real question must be at what cost and at what loss of

19 constitutional rights? These plaintiffs' choose not to live their lives in fear; but rather instead

20 hold steadfast to the belief that absent their First Amendment rights and the ability to speak out

21 on issues regardless of what that issue might be, their freedoms that have been foretold and

22 secured through the sacrifice of American blood and American lives will have been for naught.

23      24.    The defendants are not closing Louisburg Square and Pinckney Street pursuant to

24 exigent or emergency circumstances, nor for reason of an emerging crisis, but only for reasons

25 promulgated under the blanket of "national security". The defendants, however, fail to articulate

26 what national security means or what concerns are relevant under the conditions germane to this

27 at-issue closure. While it is true that Senator Kerry is the presumptive Democratic Presidential

28 candidate for 2004, the plaintiffs' contend that the Senator's absence from his home during the

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

1 | planned constitutional activity previously scheduled for Louisburg Square and Pinckney Street

2 | alleviates the threat to "national security".

3 |      25.    The plaintiffs' offered to send but just one or two women into this noted area, and

4 | further consented unnecessarily but voluntarily to a body search of their person and to the

5 | possessions of the one or two persons that would participate in the First Amendment activity in

6 | order to alleviate security concerns.

7 |      26.    The intended First Amendment activity of the plaintiffs' encompassed the laying

8 | of a bouquet of roses at the corner of the home (at the corner of Louisburg Square and Pinckney

9 | Street) of the presumptive Democratic Presidential candidate John Kerry (the roses being

10 | symbolic of the aborted children whose lives have been shamefully taken through and by means

11 | of abortion) then offering a prayer for these children (the intended message to Senator John

12 | Kerry that this nation needs to protect the unborn) and thereafter leaving the area. This

13 | constitutional message/speech would have encompassed but a brief period of time, not to exceed

14 | even twenty minutes.

15 |      27.    The defendants declined the offer of the plaintiffs and, in an earlier meeting on

16 | July 23, 2004 between plaintiff Mahoney and one of the John Doe Agents, the John Doe Agent

17 | refused and declined to elaborate on the full implementation of the defendants' plans to close the

18 | at-issue area.

19 |      28.    The offer of the plaintiffs' to voluntarily consent and subject themselves to a

20 | search of their person, and a search of their possessions (bouquet of roses) that they intended to

21 | carry into the closed off area is all the security that the defendants needed to assure the safety of

22 | Senator Kerry especially in light of the fact that Senator Kerry will not be at home during the

23 | plaintiffs' planned First Amendment activity in front of the Senator's home. Senator Kerry is

24 | presently on a national tour and is expected to arrive in Boston sometime around Wednesday,

25 | July 28, 2004.

26 |      29.    Regardless of whether or not the plaintiffs have a permit to exercise First

27 | Amendment activity on a public sidewalk and during the week of the Democratic National

28 |

COMPLAINT - 11

Convention, the permitting scheme relevant to First Amendment activity utilized by the City of

Boston reads in pertinent part:

From July 10, 2004 through August 1, 2004 the permitting scheme shall be modified as

follows:

"(a) Individuals and groups not exceeding twenty (20) people shall not be required to
obtain any permits to exercise free speech and/or conduct lawful First Amendment
activity. Said demonstrations shall be stationary in nature and shall not include the need
for amplification, structures, and/or other equipment. Any individual or group acting
under this provision shall abide by all regulations, ordinances, statutes and any and all
other laws, including lawful orders of law enforcement officials. Any individual and/or
groups in this category shall ensure safe passage (ingress-egress) for all pedestrian traffic
on any and all sidewalks and other areas that they may be utilizing. Furthermore, any
individual or group of twenty or fewer people without a permit under this provision shall
remain clear of and off all roadways, streets, avenues and any and all other arterials
utilized by vehicular traffic. If an individual or group wishes to use any roadway, street,
avenue or any and all other arterials utilized by vehicular traffic that individual and/or
group shall comply with steps one through three noted herein."

30.    The plaintiffs challenge whether or not it is lawful to leave a sidewalk open

generally to other uses while closing sidewalks down to First Amendment activities. By manner

of the defendants conduct and action complained of herein, the First Amendment rights of the

plaintiffs' have been and will continue to be violated and abridged thereby causing irreparable

harm and injury to these plaintiffs' and others similarly situated. Furthermore, groups of twenty

or fewer people are not required by the City of Boston to have a permit to engage in First

Amendment activity.

31.    The plaintiffs' offer to the defendants' of just one or two individuals entering the

closed off area to conduct the First Amendment activity described herein clearly fits into the City

of Boston's provision for acting without a permit.

COMPLAINT - 12

32.     Finally, plaintiffs contend that whether or not they have a permit or no permit, sidewalks are considered traditional public fora, and as such, the plaintiffs have constitutional rights that allow them to be on Louisburg Square and Pinckney Street for purposes of First Amendment activities.

33.     The closure order of the defendants' amount to an impermissible prior restraint on the First Amendment rights of these complaining plaintiffs.

34.     As a result of the defendant's conduct, plaintiffs' have suffered, are suffering, and will continue to suffer severe, irreparable injuries and violations of their fundamental federal and state constitutional and statutory rights by virtue of the policy and practices set forth herein. Moreover, the acts of the defendants chill and deter and will continue to chill and deter plaintiff's exercise of their constitutional rights.

35.     Unless restrained by this Court, defendants will continue in their unbridled discretion to enforce the closure of Louisburg Square and Pinckney Street promulgated by the defendants in an impermissible manner and in violation of the plaintiffs First Amendment rights.

36.     Plaintiffs have no plain, adequate, or complete remedy at law to address these violations of their constitutional rights, and injunctive and declaratory relief are plaintiff's only means of securing complete and adequate relief.  No other remedy would offer plaintiffs substantial and complete protection from continuation of defendant's unlawful and unconstitutional acts, policies, and practices.

37.     The continued irreparable injury of plaintiffs' fundamental rights is both great and immediate, as defendants' interpretation and application relevant to the closure of Louisburg Square and Pinckney Street flagrantly violate and impede plaintiffs' federal and state constitutional and statutory rights.  The future chilling of these rights is an absolute certainty unless and until this Court grants the relief requested herein.  Each day plaintiffs' rights are abridged, they have lost what they cannot regain.  Under these circumstances, remedies at law are entirely inadequate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

COMPLAINT - 13

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

**Claim for Violation of Plaintiffs Constitutional Rights to Freedom of Speech
as guaranteed by the First Amendment**

38.    The plaintiffs hereby incorporate by reference paragraphs 1 through 37 of this complaint as though fully set forth herein.

39.    Defendants have ordered the closure of Louisburg Square and Pinckney Street and pursuant thereto, have forbidden the plaintiffs from exercising their First Amendment rights on sidewalks traditionally considered and held out to be public fora.  This closure is succinct to the week of July 26 through August 1, 2004 during the time of the Democratic National Convention.  The defendants have provided no justifiable reason for the closure of traditional public fora, and for the violation of these plaintiffs' First Amendment rights, but for the given reason of national security.  The defendants are not closing Louisburg Square and Pinckney Street pursuant to exigent or emergency circumstances, nor for reason of an emerging crisis, but only for reasons promulgated under the blanket of "national security".  The defendants, however, fail to articulate what national security means or what concerns are relevant under the conditions germane to this at-issue closure.

40.    No compelling government interest exists which justifies defendants' discrimination against plaintiffs.

41.    Defendants conduct by closing Louisburg Square and Pinckney Street to the plaintiffs', while leaving this same area open to the residents that live within the perimeter of the closure area and allowing these residents to engage in free speech, amounts to viewpoint and content based discrimination against the plaintiffs' and is therefore unconstitutional.

42.    Defendants discrimination against protected speech is not a narrowly tailored means enacted to serve a compelling government interest.

43.    Defendants have imposed an unlawful system of prior restraint in violation of the rights to freedom of speech which are clearly established under the United States Constitution.

COMPLAINT - 14

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

44.    The defendants' order to close Louisburg Square and Pinckney Street is unconstitutional due to overbreadth because it unnecessarily sweeps protected speech within its application.

45.    The defendants' prohibition is unconstitutional as applied because it discriminates against protected First Amendment speech in a designated open forum.

WHEREFORE, PLAINTIFFS respectfully pray that the Court grant the relief set forth hereinafter in the Prayer for Relief.

## SECOND CAUSE OF ACTION

### Claim for Violation of Plaintiffs' Constitutional Rights to Due Process of Law as Guaranteed by the Fourteenth Amendment to the United States Constitution

46.    The plaintiffs hereby incorporate by reference paragraphs 1 through 45 of this complaint as though fully set forth herein.

47.    The prohibition of protected speech by defendants impacts speech without any clear or precise standards subject to objective measurement or application, but instead are given meaning only through the exercise of unbridled discretion by those responsible for the enforcement of the "closure" complained of herein.

48.    The "closure" is unconstitutional because it allows the defendants to indefinitely deny access to traditional public fora to these complaining plaintiffs without justification during the week of July 24 through August 1, 2004, thereby depriving the plaintiffs of their constitutional rights to free speech.

WHEREFORE, PLAINTIFFS respectfully pray that the Court grant the relief set forth hereinafter in the Prayer for Relief.

## THIRD CAUSE OF ACTION

### Claim for Violation of Plaintiffs' Constitutional Rights to

COMPLAINT - 15

## Freedom of Association and Assembly

49.    The plaintiffs hereby incorporate by reference paragraphs 1 through 48 of this complaint as though fully set forth herein.

50.    The "closure" by the defendants is unconstitutional as applied in that it does not bear a rational relationship to the purpose that the "closure" is intended to accomplish.  The stated purpose of the closure is for reasons of national security; however, the defendants have not precluded all others, except for those exercising their First Amendment rights, from the closed area complained of herein.  Nor have the defendants articulated justifiable reasons for the complained of "closure"

51.    The plaintiffs intend to peacefully assembly and exercise their constitutional right to association during the Democratic National Convention.  The "closure" by the defendants prevents the plaintiffs from doing so on and/or around Louisburg Square and Pinckney Street until and unless the plaintiffs fall within the category of acceptable individuals that will be allowed into the "closure".

52.    The plaintiffs intend to exercise the protected constitutional activity of free speech, freedom of association and freedom of assembly in Boston during the Democratic National Convention.

53.    The defendants "closure" interfere with the plaintiffs' rights to assemble and associate in Boston during the Democratic National Convention in the public square and other traditional public fora; therefore, the "closure" of the defendants should be declared unconstitutional.  Defendants should be enjoined from enforcing, effecting, or otherwise implementing the "closure" complained of herein.

COMPLAINT - 16

WHEREFORE, PLAINTIFFS respectfully pray that the Court grant the relief set forth hereinafter in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray this Honorable Court grant the following judgment in plaintiff's favor and the following relief:

1.    Declaratory relief that the defendants' conduct of implementation and enforcement of the closure of Louisburg Square and Pinckney Street involving the First Amendment rights of these complaining plaintiffs would and does violate the plaintiffs rights under the First and Fourteenth Amendments;

2.    Enter a permanent injunction requiring the defendants, their agents, employees, and all persons acting in concert with defendants to refrain from implementing and/or enforcing the closure of Louisburg Square and Pinckney Street;

3.    In the event that defendants implement and enforce the closure of Louisburg Square and Pinckney Street against these plaintiffs before this matter can be heard by the Court, that this Court issue an order requiring the defendants to refrain from implementation and/or enforcement of the "closure" and thereafter a permanent injunction would issue against defendants, their agents, employees and all acting in concert with them and preclude them from further enforcement of the "closure" and cease and desist thereof;

4.    That defendants be denied the authority to leave the sidewalks open generally to other uses while closing the sidewalks to First Amendment Activities for the week of July 26 through August 1, 2004 during the Democratic National Convention pending this case being heard by this Court; and furthermore, deny the defendants the power to close Louisburg Square and Pinckney Street to First Amendment activity for reasons articulated within this

COMPLAINT - 17

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

complaint based upon viewpoint and content based discrimination by the defendants and against the plaintiffs until this matter can be heard on its merits;

5.    Enter a preliminary and permanent injunctive relief to prevent the defendants, their officers, agents, employees, successors, attorneys, and all persons acting in concert with them to be restrained and enjoined from interfering in any manner with plaintiffs fundamental rights of free speech, due process of law and freedom of assembly and association;

6.    That the Court judge, decree, declare, and render a Declaratory Judgment that the prohibition of plaintiffs' speech and the newly enacted "closure" is unconstitutional as applied to suppress plaintiffs' First Amendment rights in violation of the First and Fourteenth Amendments to the United States Constitution;

7.    That this Court retain jurisdiction of this matter for the purposes of enforcing the Court order;

8.    That the Court exercise its discretion pursuant to Rule 65 of the Federal Rules of Civil Procedure to accelerate the trial on the merits;

9.    That this Court issue the requested injunctive relief without a condition of bond or surety or other security being required of plaintiffs;

10.    That this Court order a trial by jury to access actual and compensatory damages suffered by these plaintiffs due to defendants flagrant violation of plaintiffs constitutional rights;

11.    Award the plaintiffs reasonable costs and attorneys' fees pursuant to U.S.C. Section 1988; and

12.    Grant the plaintiffs such other relief as the Court deems necessary and proper.

COMPLAINT - 18

***THE PLAINTIFFS HEREBY DEMAND A JURY TRIAL***

Dated: July 23, 2004.

Respectfully submitted,

CHAVEZ-OCHOA LAW OFFICES

Brian R. Chavez-Ochoa
California State Bar #190289
Lead Counsel for the Plaintiffs
4 Jean Street, Suite 4
Valley Springs, California 95252
(209) 772-3013
Fax (209) 772-3090

Thomas M. Harvey
BBO #: 225050
1 Constitution Center, First Floor
Boston, Massachusetts 02129
(617) 886-0364

COMPLAINT - 19