1  BRIAN R. CHAVEZ-OCHOA
   CALIFORNIA STATE BAR #190289
2  CHAVEZ-OCHOA LAW OFFICES
   4 JEAN STREET, SUITE 4
3  VALLEY SPRINGS, CALIFORNIA 95252
   (209) 772-3013
4  FAX (209) 772-3090

5  THOMAS M. HARVEY
   BBO#: 225050
6  1 CONSTITUTION CENTER
   FIRST FLOOR
7  BOSTON, MASSACHUSETTS 02129
   (617) 886-0364
8
   Attorneys for Plaintiffs
9

10              UNITED STATES DISTRICT COURT

11            FOR THE DISTRICT OF MASSACHUSETTS

12

13 REV. PATRICK J. MAHONEY, CHRISTIAN )  Case No.:
   DEFENSE COALITION, OPERATION       )
14 RESCUE BOSTON and OPERATION        )  DECLARATION OF PATRICK J.
   RESCUE WEST, BRANDI SWINDELL,      )  MAHONEY IN SUPPORT OF
15                                    )  APPLICATION FOR TEMPORARY
   GENERATION LIFE, and SURVIVORS OF  )  RESTRAINING ORDER
16 THE ABORTION HOLOCAUST,            )
             Plaintiffs,              )
17                                    )
       vs.                            )   04 11649 NMG
18                                    )
   TOM RIDGE, Secretary of the Department of )
19 Homeland Security, in His Official Capacity, )
   W. RALPH BASHAM, Director of the United )
20 States Secret Service, in His Official Capacity, )
21 JOHN DOE AGENT, Field Agent in Charge )
   of the Boston Office for the United States )
22 Secret Service, in His Official Capacity, JOHN )
23 DOE AGENTS 1 to 20, in Their Official )
   Capacity as Special Agents for the United )
24 States Secret Service.              )
             Defendants.               )
25                                    )
26 _____)

27      I, Patrick J. Mahoney, hereby declare:

28

DECLARATION - 1                         CHAVEZ-OCHOA LAW OFFICES
                                        4 JEAN STREET, SUITE 4
                                        VALLEY SPRINGS, CALIFORNIA 95252
                                        (209) 772-3013
                                        FAX (209) 772-3090

1. I am one of the plaintiffs' in the above-entitled matter and I make this declaration out of my own personal knowledge. If called upon to testify to the contents herein, I could and would do so competently.

2. I am an ordained Presbyterian Minister and the Director for the Christian Defense Coalition. It is my intention to exercise my First Amendment rights in Boston during the week of July 24 through August 1, 2004 at and during the Democratic National Convention.

3. I submitted several permit applications to the City of Boston pursuant to their newly enacted permitting process. Subsequent to my submitting my permit applications, I was granted several permits by the City of Boston, including a permit to exercise my First Amendment rights at Louisburg Square and Pinckney Street.

4. On July 23, 2004 I was notified by my attorney that the City of Boston had summarily cancelled my permit for Louisburg Square and Pinckney Street. The reason that was given for the cancellation of my permit in this noted area was "National Security". Earlier that day, I had met with a secret service agent stationed in front of Senator Kerry's residence located at Louisburg Square and Pinckney Street. I was informed that the secret service was going to close down the street in front of Senator Kerry's House. This closure encompassed Louisburg Square and Pinckney Street.

5. The secret service agent also informed me that residents that lived in the closure area would be allowed access to Louisburg Square and Pinckney Street. The agent was not specific as to whether or not other individuals would be allowed access to Louisburg Square and Pinckney Street such as the media, the casual pedestrian, the dog-walker and other vehicular traffic.

6. My intended First Amendment activity in the now closed area encompassed the laying of a bouquet of roses at the corner of the home (at the corner of Louisburg Square and Pinckney Street) of the presumptive Democratic Presidential candidate John Kerry (symbolic of the aborted children whose lives have been shamefully taken through and by means of abortion) then offering a prayer for these children (the intended message to Senator John Kerry that this nation needs to protect the unborn) and thereafter leaving the area.

DECLARATION - 2

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

7. In an attempt to reach a resolution with the defendants I give my attorney permission to contact the defendants and offer to them a compromise that would have allowed for the First Amendment activity to proceed. The compromise existed of the offer to send but just one or two women into this noted area, and further consented unnecessarily but voluntarily to a body search of their person and to the possessions of the one or two persons that would participate in the First Amendment activity described above in order to alleviate security concerns. This constitutional message/speech would have encompassed but a brief period of time, not to exceed even twenty minutes.

8. The compromise offer described above wherein it was voluntarily agreed to consent and subject the one or two women to a search of their person, and a search of their possessions (bouquet of roses) that they intended to carry into the closed off area is all the security that the defendants needed to assure the safety of Senator Kerry especially in light of the fact that Senator Kerry will not be at home during the planned First Amendment activity in front of the Senator's home. Senator Kerry is presently on a national tour and is expected to arrive in Boston sometime around Wednesday, July 28, 2004.

9. I am further challenging the issue of National Security versus First Amendment rights, even in light of September 11, 2001 and the terrorist attacks that took place that day. I contend that National Security cannot suspend First Amendment rights; there must be a balancing between these two issues. If National Security is allowed to suspend First Amendment rights, the future of demonstrations in this nation relevant to all issues, regardless of whether conservative of liberal, shall fall victim to the very goal the terrorists attempted to accomplish on that fateful day on September 11, 2001.

10. I believe that my First Amendment rights are precious and God given; our founding fathers foresaw the future and put into place protections and safeguards that allowed for and perpetuated robust and solicitous debates concerning the issues facing this country. The defendants cannot be allowed to summarily suspend my constitutional rights without articulating the nature of the threat and being made to prove that the threat is a real one. It is much too easy to state that one cannot exercise his or her First Amendment rights because of National Security

DECLARATION - 3

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

concerns; however, the real question must be at what cost and at what loss of constitutional rights? I choose not to live my life in fear; but rather instead hold steadfast to the belief that absent my First Amendment rights and my ability to speak out on issues regardless of what that issue might be, my freedoms that have been foretold and secured through the sacrifice of American blood and American lives will have been for naught.

11. I additionally contend that regardless of whether or not I have a permit for any area that is traditionally considered public fora that I have a constitutional right to exercise First Amendment freedoms in those areas. Louisburg Square and Pinckney Street is such an area.

12. I am also in compliance with the permitting regulations of the City of Boston with regard to First Amendment activity during the week of July 24 through August 1, 2004. The size of the group (one or two women) that was offered in the compromise to the defendants is clearly within the provisions of the City of Boston requirements. The City of Boston regulations regarding First Amendment activity stipulates that groups of twenty individuals or less need not a permit. Therefore, I was in compliance with the city's requirements.

13. I contend that it is unlawful and unconstitutional to leave open a sidewalk generally to other uses while closing the same sidewalk down to First Amendment activities. I assert that the defendants have no clear or firm plan to exclude others from entering the sidewalk, and it is abundantly clear that residents will be allowed into the closed off area. My question to the Court is whether the defendants intend to hold hostage or prisoner the residents that live in the closed off area and whether or not the defendants intend to forbid these noted residents from leaving their homes, putting out the trash, going for a casual walk, walking their dogs, and/or any other number of reasons that may bring these residents out of their homes during the time Louisburg Square and Pinckney Street are closed to First Amendment activity.

14. I contend that to allow residents that live within the closed area to use the sidewalks generally while at the same time precluding the plaintiffs' and me from exercising their/my First Amendment rights on these same sidewalks is unconstitutional. I should be able to exercise my First Amendment rights without restraint at any time and in response to any issues that may arise.

DECLARATION - 4

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

15. Presidential conventions only take place once every four years and should not be subject to censure as is the case with the defendant's newly enacted closure of Louisburg Square and Pinckney Street. More importantly, under the closure of Louisburg Square and Pinckney Street, I cannot exercise my constitutional right to assembly and/or association in this noted area.

16. The newly enacted closure of the defendants restricts all First Amendment speech and constitutional activities in, on, or around Louisburg Square and Pinckney Street. The defendants cannot possibly point to any governmental interest that justifies such censorship. The defendants have promulgated the newly enacted closure specifically for the Democratic National Convention. Up to and until the Democratic National Convention, Louisburg Square and Pinckney Street was open to the public including First Amendment activity. I personally observed a gentleman holding a sign directly across the street from Senator Kerry's house that advocated the re-election of President Bush and Vice President Cheney. I contend that the closure provides for unfettered and unbridled discretion of the defendants in this case. There is no indication of any standards the defendants must follow when rendering their decision to hide behind National Security and close Louisburg Square and Pinckney Street to First Amendment activity.

17. I believe that I have the guaranteed right to exercise my First Amendment freedoms of speech, assembly and association. The defendants newly enacted closure of Louisburg Square and Pinckney Street efficiently and effectively chill any participation in the exercise of my constitutional rights in this area otherwise considered traditional public fora. The decision of the defendants' to close this noted area infringes upon my constitutional rights as guaranteed by the First Amendment to the United States Constitution and cannot be sanctioned, nor condoned, by this Court. By way of this application, I ask the Court for a temporary restraining order that orders that the defendants be denied the authority to leave the sidewalks open generally to other uses while closing the sidewalks to First Amendment Activities for the week of July 26 through August 1, 2004 during the Democratic National Convention, and

DECLARATION - 5

CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090

furthermore, deny the defendants the power to close Louisburg Square and Pinckney Street to First Amendment activity for reasons of National Security while at the same time summarily depriving me of my First Amendment freedoms until this matter can be heard on its merits.

I hereby declare under penalty of perjury under the laws of the State of Massachusetts and the United States of America that the foregoing is true and correct.

Executed this 26th day of July 2004.

_____
Patrick J. Mahoney

DECLARATION - 6