United States District Court
District of Massachusetts

```
——————————————————————————  )
                                  )
REVEREND PATRICK J. MAHONEY,       )
CHRISTIAN DEFENSE COALITION,       )
OPERATION RESCUE BOSTON and        )
OPERATION RESCUE WEST, BRANDI      )    Civil Action No.
SWINDELL, GENERATION LIFE and      )    04-11649-NMG
SURVIVORS OF THE ABORTION          )
HOLOCAUST,                         )
            Plaintiffs,            )
                                  )
                                  )
            v.                     )
                                  )
TOM RIDGE, Secretary of the        )
Department of Homeland Security,   )
in his official capacity, W.       )
RALPH BASHAM, Director of the      )
United States Secret Service, in   )
his official capacity, AGENT       )
JOHN DOE, Field Agent in charge    )
of the Boston office of the        )
United States Secret Service, in   )
his official capacity, JOHN DOE    )
AGENTS 1 to 20, in their           )
official capacity as Special       )
Agents of the United States        )
Secret Service,                    )
            Defendants.            )
——————————————————————————  )
```

**ORDER**

**Gorton, J.**

After notice to the parties, consideration of the pleadings and a hearing on the Plaintiffs' motion for a preliminary injunction, this Court finds that the Plaintiffs have failed to demonstrate a likelihood of success on the merits sufficient to warrant the allowance of their motion for a preliminary injunction.

-1-

The restrictions imposed by the United States Secret Service upon the right of the Plaintiffs to demonstrate in front of the home of Senator and Mrs. John Kerry represent a reasonable restriction on the time, place and manner of the admittedly protected speech of the Plaintiffs.  See Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989), quoting Clark v. Cmty. For Creative Non-Violence, 468 U.S. 288, 293 (1984).  To survive constitutional scrutiny, valid time, place or manner restrictions must be content neutral, narrowly tailored to serve a significant government interest and leave open ample alternative channels for communication of the relevant message.  See Clark, 468 U.S. at 293.

The restrictions imposed by the Secret Service are content-neutral because the security plan during the week of the Democratic National Convention precludes public demonstrations from occurring in the immediate vicinity of Senator Kerry's home without regard to the content of those demonstrations.  Thus, even if the restrictions happen to burden the Plaintiffs' message disproportionately, they remain permissible because they are unrelated to that message.  See McGuire v. Reilly, 260 F.3d 36, 44 (1st Cir. 2001).

The restrictions are narrowly tailored to serve a significant government interest because the Secret Service has chosen to prevent demonstrations within a relatively small

-2-

neighborhood area. The government interest in protecting Senator
Kerry, his family, their home and the surrounding area is more
significant than such interests in comparable cases deemed
sufficiently significant to warrant restricting the time, place
or manner of otherwise protected speech. Compare Watts v. United
States, 394 U.S. 705, 707 (1969)(explaining the nation's
"overwhelming interest" in protecting the safety of the Chief
Executive) with Ward, 491 U.S. at 796-97 (protecting residents
from "unwelcome noise" deemed significant government interest)
and Globe Newspaper Co. v. Beacon Hill Architectural Comm., 100
F.3d 175, 187 (1st Cir. 1996)(deeming the interest in preserving
a Boston neighborhood's aesthetic character a significant
government interest).

Ultimately, the restrictions leave open ample alternative
channels for communication of the Plaintiffs' message because it
can still be conveyed within sight of the candidate's residence,
albeit one block of houses away from his doorstep. As the First
Circuit Court of Appeals has held, courts ought not place
excessive weight on the fact, considered alone, that less
restrictive channels of communication exist to convey the
relevant message. See Globe Newspaper Co., 100 F.3d at 190.
Instead, this Court must simply determine whether sufficient
alternatives are available for the Plaintiffs to convey their
message. Given the media presence surrounding the Convention in

-3-

Boston and the ability of the Plaintiffs to conduct demonstrations similar to those proposed in their pleadings, the Court finds ample alternative channels for communications exist for the Plaintiffs.

The Plaintiffs also note that their proposed demonstration poses only a minimal threat to Senator Kerry's home and family. While that may be true, to permit the Plaintiffs' demonstration to proceed would be to require the Secret Service to make ad hoc determinations of the threat posed by a myriad of other potential demonstrations in front of Senator Kerry's home.   Such determinations would necessarily be based upon the content of those demonstrations and the perceived threat posed to the candidate and would force the Secret Service into an untenable position of protector and arbiter of constitutional rights. Plaintiff's Motion for a Preliminary Injunction (Docket No.$5$ ) is hereby **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: July **26**, 2004

-4-